**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES—GENERAL**

Case No. 5:26-cv-02119-KES                                Date: April 28, 2026

Title: JAIME NINO ASTUDILLO v. JAMES JANECKA, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**       **Order Denying TRO Application (Dkt. 2)**

On April 24, 2026 ("Petitioner") filed a counseled Petition for a Writ of Habeas Corpus ("Petition" at Dkt. 1) and Application for Temporary Restraining Order ("TRO Application" at Dkt. 2).

IT IS HEREBY ORDERED that the TRO Application is **denied**. The Court has already set an expedited briefing schedule. (Dkt. 5.) "Applications for [TROs] should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule." C.D. Cal. General Order 26-05 ¶ 3.[1] Petitioner has not made such a showing. Petitioner's allegation that he "suffers from high blood pressure" and "upon information and belief, he is not receiving adequate medical treatment in ICE custody" is not sufficient to establish an emergency that cannot be addressed via the deadlines in the standard scheduling order. Petitioner also requests "72 hours' advance written notice before any attempt to remove Petitioner from the United States or transfer him out of this district." The General Order already requires that "Respondent shall provide at least two court days' notice to the petitioner, petitioner's counsel, and the Court of its intent to remove the petitioner from the Central District of California." The TRO Application fails to explain why this is insufficient.

Initials of Deputy Clerk jd

---

[1] https://www.cacd.uscourts.gov/sites/default/files/general-orders/GO%2026-05.pdf