UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JAIME NINO ASTUDILLO,

          Petitioner,

    v.

JAMES JANECKA, WARDEN
ADELANDO IMMIGRATION AND
CUSTOMS ENFORCEMENT
PROCESSING CENTER, et al.,

          Respondents.

Case No. 5:26-cv-02119-KES

ORDER GRANTING THE PETITION

Jaime Nino Astudillo ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  Petitioner alleges that he is a citizen of Mexico who has resided in the United States since at least 2018.  (Dkt. 1 at 7, ¶ 18.)  At some point, Petitioner was placed in removal proceedings and found "inadmissible/deportable."  (Id. ¶ 19.)  He applied for asylum and withholding of removal but was initially barred from a grant of asylum due to a prior DUI conviction.  (Id. ¶¶ 19-20.)

In 2018, an Immigration Judge granted Petitioner withholding of removal to Mexico pursuant to 8 U.S.C. § 1231(b)(3)(A), based on Petitioner's well-founded

1

fear of persecution on account of his membership in a particular social group as a gay man from Mexico. (Id. ¶ 20.) The grant of withholding of removal became final in 2018, and Petitioner was released on an Order of Supervision. (Id. ¶¶ 21-22.)

On or about April 22, 2026, Petitioner appeared at the ICE Los Angeles Field Office for his routine annual check-in, as he had done every year since 2018, but this time he was detained by ICE officers, taken into custody, and transported to Adelanto ICE Processing Center, where he remains detained. (Id. at 8, ¶¶ 24-25.)

The Petition contains the following claims: (1) violation of 8 C.F.R. §§ 241.4(l) and 241.13(i)(3) for failure to provide a notice of revocation, (2) violation of 8 C.F.R. §§ 241.4(l) for failure to conduct an informal interview, (3) violation of the Due Process Clause of the Fifth Amendment, (4) due process violation with respect to third country removal, and (5) a claim for a judicial declaration stating that withholding of removal bars removal to Mexico. (Id. at 13-22, ¶¶ 41-70.)

Petitioner seeks the following relief:

(1) Assume jurisdiction over this matter; (2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days, pursuant to 28 U.S.C. § 2243; (3) Grant a writ of habeas corpus and order Petitioner's immediate release from ICE custody under the same conditions as his prior Order of Supervision; (4) Declare that Petitioner's re-detention is unlawful for Respondents' failure to comply with 8 C.F.R. §§ 241.4(l) and 241.13(i); (5) Declare that Respondents may not re-detain Petitioner without providing notice of the reasons for revocation and a meaningful opportunity to be heard in response to those reasons, in accordance with 8 C.F.R. §§ 241.4(l), 241.13(i), and the Due Process

2

Clause of the Fifth Amendment; (6) Declare that Petitioner's 2018 grant of withholding of removal to Mexico remains in full force and effect and that Respondents are prohibited from removing Petitioner to Mexico; (7) Prohibit Respondents and their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them from removing Petitioner to any country other than Mexico without providing Petitioner and his counsel with at least 72 hours' advance written notice of the proposed country of removal and affording Petitioner a meaningful opportunity to raise fear-based claims before an immigration judge; (8) Prohibit Respondents from transferring Petitioner out of the Central District of California pending final resolution of this matter, without prior approval of this Court; (9) Order Respondents to advise Petitioner's counsel of any change in Petitioner's custody status, detention location, or removal plans at least 72 hours in advance; (10) Award Petitioner attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and (11) Grant any further relief this Court deems just and proper.

(Id. at 22-23 (prayer for relief).)

Along with the Petition, Petitioner filed an ex parte application for a temporary restraining order ("TRO") on April 24, 2026.  (Dkt. 2.)  The Magistrate Judge[1] denied the TRO on April 28, 2026, reasoning that the expedited briefing schedule was sufficient to protect Petitioner's interests.  (Dkt. 8.)

On May 1, 2026, Respondents answered the Petition.  (Dkt. 10.)  The Answer specifically lists the relief sought by Petitioner and then states, "The

---

[1] The parties consented to the jurisdiction of the Magistrate Judge for all purposes.  (Dkt. 3, 7.)

Respondents are not presenting an opposition argument at this time." (Id. at 2.)

IT IS THEREFORE ORDERED that the Petition is GRANTED.  The Court adopts the relief sought in the Petition as its final Order.  As part of that relief, Petitioner must be immediately released from ICE custody.

Respondents are ORDERED to file a status report by **May 8, 2026**, stating the details of Petitioner's release.

DATED:  May 1, 2026

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

4